IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LADARIUS DEEQUANMAY McGHEE,

                          Plaintiff,

   v.                                                OPINION and ORDER

RODNEY REYNOLDS,                           23-cv-705-jdp

                          Defendant.

---

    Plaintiff Ladarius Deequanmay McGhee, proceeding without counsel, is currently incarcerated at Columbia Correctional Institution. He alleges that when he was incarcerated at Waupun Correctional Institution, defendant Sergeant Rodney Reynolds ordered inmates to assault him because he spoke to law enforcement about Reynolds's alleged misconduct. I granted McGhee leave to proceed on First Amendment retaliation and Eighth Amendment claims against defendant Reynolds. Dkt. 7.

    Reynolds moves for summary judgment, contending that McGhee failed to exhaust his administrative remedies. Dkt. 30. I conclude that McGhee failed to exhaust his administrative remedies and I will dismiss the case.

## BACKGROUND

    McGhee alleges in December 2022 he spoke with the Dodge County sheriff's office about defendant Reynolds bringing contraband into the prison. Then, in February 2023 Reynolds told McGhee that he knew McGhee had talked to law enforcement, and another inmate told McGhee that Reynolds had called McGhee a snitch. Reynolds then got two inmates to attack McGhee.

McGhee filed a series of grievances about Reynolds calling him a snitch. He filed a grievance dated March 14, 2023, stating that Reynolds called him a snitch on February 23, 2023. Dkt. 32-2 at 8. The institution complaint examiner rejected the grievance as being filed past the 14-day time limit under Wis. Admin. Code § DOC 310.07(2). *Id.* at 4. McGhee appealed, and the reviewing authority upheld the rejection, while also forwarding the grievance to the security director "due to the sensitivity of the subject matter." *Id.* at 5. Between May and November 2023, McGhee filed a series of grievances about Reynolds calling him a snitch in later incidents. None of McGhee's grievances mentioned Reynolds directing inmates to attack him.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure

to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Reynolds contends that he is entitled to summary judgment because McGhee didn't file any grievances about being assaulted. McGhee agrees that he did not exhaust the administrative remedies for his Eighth Amendment claim and he concedes that this claim should be dismissed. So I will dismiss McGhee's Eighth Amendment claim.

McGhee argues that his First Amendment retaliation claim should survive the motion for summary judgment because he did file grievances about Reynolds calling him a snitch. There are two problems with this argument. First, I did not allow McGhee to proceed on a retaliation claim centered only on Reynolds calling him a snitch; I granted McGhee leave to proceed on a claim that Reynolds told inmates to attack McGhee for talking to law enforcement about him. Second, even if I reconsidered McGhee's complaint to include a retaliation claim directly about Reynolds calling McGhee a snitch, McGhee didn't properly exhaust a grievance about Reynolds's actions discussed in his complaint. McGhee's allegations are about events from December 2022 to February 2023, culminating with inmates attacking McGhee at Reynolds's direction. But McGhee's March 2023 grievance about the February events was rejected as untimely. And his several subsequent grievances were about events postdating the events in his complaint. So McGhee did not properly exhaust the administrative grievance process about comments that Reynolds made in February 2023 or before.

Because I conclude that McGhee failed to exhaust his administrative remedies, I will grant Reynolds's motion for summary judgment and dismiss the case. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but McGhee would likely find it impossible to file a proper grievance now because the relevant events happened so long ago.

McGhee has filed motions seeking an order transferring him out of Columbia Correctional Institution because of danger he faces from other inmates there. Dkt. 37 and Dkt. 38. But even if I were not dismissing the case in this order, I could not grant him the injunctive relief he requests because the allegations in his motion are unrelated to the specific claims that he brings against defendant Reynolds in this lawsuit.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on exhaustion grounds, Dkt. 30, is GRANTED.

2. Plaintiff's motions for injunctive relief, Dkt. 37 and Dkt. 38, are DENIED.

3. The parties' remaining motions are DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered August 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge